SOUTHERN BANK OF KENTUCKY *v.* A. JOHNSON ET AL.

**Bills and Notes—Accommodation Endorser—Indemnity—Exoneration.**

     The last accommodation endorser on a bill may look for indemnity to the one endorsing next before him and a lien resulting, on the levy of an execution on the former endorsers property inures to the last endorsers benefit, and if the payee interferes and suspends the execution the last endorser is exonerated.

APPEAL FROM CALLOWAY CIRCUIT COURT.

February 27, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Wadkins, Gardner and Johnson, in the order named, were all accommodation endorsers of the bill finally endorsed to the appellant as holder, and, therefore, Johnson had a right to look for indemnity to Gardner, against whom the first judgment was obtained, after protest. The lien resulting from the levy of an execution on Gardner's property, inured to Johnson's security. The appellant by its interference with, and suspension of that execution for more than three years after the levy, increased Johnson's risk, and lost the full benefit of the lien; and thereby entitled Johnson to equitable exoneration.

Moreover, after the levy, the appellant dismissed its action against Johnson and the personal representative of Wadkins; and, according to the pleadings, that dismission must be considered absolute and, without proof to the contrary, must be deemed a voluntary abandonment of the action, in consequence of the

security afforded by the levy and the supposed inutility of further expense and litigation, prosecuting the action against the appellees. That dismission is, therefore, adjudged by this court to be a bar to this action as against each of the appellees. The verdict in their favor was therefore right. The circuit court does not give any peremptory instruction to find such a verdict. And we see no error in giving or refusing instructions, which should set aside the verdict, apparently authroized by the evidence and the law.

It seems that, after the levy on Gardner's property, apparently sufficient for satisfying the judgment, the personal representative of Wadkins offered to file an answer denying notice of protest and charging that, had the action been brought and prosecuted with due diligence the debt might have been made out of the drawer and acceptor; and that, *thereupon,* on the appellant's motion, the action as to Johnson & Wadkins' representative was *"stricken from the docket,"* which, as she alleges, was extended to, and should, operate as a retraxit—and under the circumstances we so adjudge.

But, *independently of this,* the jury impanneled to try the issue found for Wadkins' representative on all the facts, and we cannot adjudge that the evidence did not authorize the verdict.

Wherefore, the judgment is *affirmed.*

*Dawson, Gilbert, for appellant.*

*Palmer, D. Holland, for appellees.*